No. 2978

Second Circuit

## WILSON v. HUNT

(February 14, 1928.   Opinion and Decree.)
(March 14, 1928.   Rehearing Refused.)

*(Syllabus by the Editor)*

1.  **Louisiana Digest—Appeal—Par. 625.**
Finding of the trial court on matters of fact; namely, the amount allowed on defendant's reconventional demand being clearly correct is affirmed.

Appeal from the Fifth Judicial District Court of Louisiana, Parish of Richland. Hon. John R. McIntosh, Judge.

Action by Carrie Wilson against C. V. Hunt.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

T. H. McGregor, of Rayville, attorney for plaintiff, appellant.

George Wesley Smith, of Rayville, attorney for defendant, appellee.

ODOM, J. Plaintiff alleges that she is the owner and in possession of the SE¼ of SW¼ and SW¼ of SE¼ of Section 36, Township 18 North, Range 9 East, in Richland parish, Louisiana, and that on March 14, 1914, she transferred said property by notarial act to Wilber L. Causey, and that said Causey in turn transferred said property to the defendant, Hunt, in whose name the property now stands on the records of Richland parish.

She specifically avers that the sale from her to Causey was a simulation pure and

simple, was made without a consideration and was never intended to convey title to Causey but was made to him under the specific agreement and understanding that he was not to become the owner thereof and was to return the property to her upon demand.

She further alleges that the transfer from Causey to the defendant was without consideration and with the definite understanding that she was the owner thereof and that Hunt agreed to restore the property to her.

She prays that she be decreed the owner of said land and that the defendant Hunt be ordered to transfer the same back to her and that the deed from her to Causey and the deed from Causey to Hunt be decreed null and void.

The defendant, in answer, admitted that the sale from plaintiff to Causey and from Causey to him were void and offered to restore the land to plaintiff.

But, in reconvention, he alleged that when he took the property from Causey he did so with the definite and distinct understanding with the plaintiff that he, Hunt, should pay for the plaintiff, certain debts which she then owed; that her creditors were pursuing her and that she had no funds with which to pay said debts; that plaintiff agreed that if he would pay said debts he should hold the land until such time as plaintiff could reimburse said amounts; that he paid for plaintiff, debts amounting to $363.70; that from the date on which he took over the property to 1921, he paid taxes on said property and on personal property which she owned, amounting to $499.70, all of which plaintiff agreed to reimburse to him upon his surrendering said property to her.

He further alleged that plaintiff is in-

debted to him in an additional sum of $702.11, making her total indebtedness to him something over $1500.00.

He prayed for judgment in reconvention against plaintiff for the amount that he alleged was due him, and asked to be permitted to retain title to the land until said amount was paid.

The parties went to trial on the pleadings filed.

Plaintiff offered no testimony on her main demand, but relied upon the petition and defendant's admission in answer as to the title of the land.

Defendant was allowed to offer proof of his demands in reconvention. On the trial of the reconventional demand, plaintiff disputed reconvenor's account and claimed certain credits which reconvenor had not allowed her.

The lower court, after considering all the testimony, rendered judgment in favor of defendant on his reconventional demand for $833.79 with interest at 5%, and ordered him to convey said property back to plaintiff upon her paying said amount.

Plaintiff appealed. Counsel for defendant, plaintiff in reconvention, say in brief, that he filed an answer to the appeal, asking that the judgment be increased. But we do not find a motion to amend nor do we find any note or minute of such motion. Therefore, we can grant the defendant no relief and can consider only the appeal as brought up by plaintiff.

### OPINION.

The fact that plaintiff owns the land which she claims, is not disputed, and that part of the judgment which so holds is not contested.

But plaintiff contends that the judgment

against her for $833.79, based on defendant's reconventional demand is erroneous, and she asks that it be reversed.

The fact that plaintiff is indebted to the defendant for amounts paid by him for her is established beyond question. In fact, more than a year before the institution of this suit she admitted, through her attorney, that she was due him something and she asked him to make up a statement of said amount. We find in the record, a letter dated May 6, 1924 (this suit was filed on October 16, 1925), written to defendant by counsel for plaintiff in which he says he had been employed by plaintiff to recover her land, and then says:

"Whatever she owes to you she will have to arrange to pay, and it is my understanding that when once you and she have agreed on the correct amount that she is due you, she will raise the money and pay you so that you may deed the place back to her. For this purpose she has instructed me to write to you and to ask that you furnish me an itemized statement as to what she is due you. As soon as you have done this I will go over it and submit it to her, and if there are any differences between you we will proceed to adjust them. Kindly make me an account between you showing all charges and credits. Thanking you to let me have this statement at an early date, I remain, yours very truly."

The whole controversy between these parties is over the correct amount due by plaintiff. Each side introduced testimony pro and con and built up a record covering about 125 pages. The course of dealing between the parties covers a period of several years and involves items of credit and debit and various settlements and relates to alleged agreements between the parties asserted by one and denied by the other.

The district judge, after hearing the witnesses, reached the conclusion that plaintiff is due defendant $833.79. As a preface to his judgment, he said:

"* * * the evidence and law considered, and the court having full personal knowledge of the integrity of the plaintiff in reconvention, it is ordered, etc."

We have read and considered the testimony and our conclusion is that the finding of the district judge as to the amount due is correct.

It would subserve no useful purpose to go into detail as to the various items contended for by one side and disputed by the other. It all involves a question of fact which was passed on by the district judge, who saw and heard the witnesses, and, as he said, knew them personally.

His judgment is amply supported by the testimony, and is accordingly affirmed with costs.